WESTCHESTER COUNTY.—HON. OWEN T. COFFIN, SURROGATE.—July, 1887.

## HAWLEY v. SINGER.

*In the matter of the judicial settlement of the account of* DAVID HAWLEY, *as guardian, under the will of* ISAAC M. SINGER, *deceased, of* ADAM M. SINGER.

Certain decrees of a Surrogate's court, awarding commissions to one as testamentary trustee of an infant, having been set aside on appeal, upon the ground that the person receiving such award was guardian and not a trustee,—

*Held,* that the court, in determining the amount of his commissions as guardian, should proceed as if he were for the first time rendering his account in that capacity.

Where the record of a judgment shows that the same could have been rendered, without deciding a particular matter afterwards brought in question between the same parties, such matter will not be considered as having been finally determined, and the judgment will not be deemed *quoad hoc, res adjudicata.*

A judgment of the Supreme court, rendered in an action brought to determine whether an executor was bound to sell corporate stock, in the course of administration, or deliver it to legatees,—under the provisions of a will which ordered the executor not to sell the stock, but to deliver a certain number of shares to each legatee,—directed that the stock should pass to the legatees specifically and be delivered to them in specie.—

*Held,* that this was not an adjudication that the bequests of stock were specific, in such a sense as to deprive the executor of commissions upon the value thereof.

The amount of commissions of a general guardian of an infant's property, under Code Civ. Pro., § 2736—determined.

THE Court of Appeals reversed the decision of this case, reported in 3 *Dem.,* 589, on the ground that the Surrogate erroneously refused to allow the contestant to introduce evidence tending to show that the accounting party had been guilty of fraud in obtaining some prior decrees in the same matter; and the same

court set aside those decrees, on the ground that the Surrogate lacked jurisdiction to make them, for the reason that Mr. Hawley was simply guardian, and not trustee; and the whole matter was sent back to the Surrogate, to determine what commissions, if any, should be allowed to him as guardian.

CALVIN FROST, *for guardian.*

C. E. TRACY, *for contestant.*

THE SURROGATE.—The clause in the will, which has given rise to this controversy, appoints the executors, guardians and trustees of the estates of the minor legatees, which are given to them for their sole and separate use, benefit and behoof, to continue such until they became of age.    The intention of the testator was, doubtless, to appoint them guardians of the persons, and trustees of the estates of the minors.    The court of last resort has seen fit to ignore, or disregard the words "trustees of the estate," and to treat Mr. Hawley, the only acting executor, as guardian only. It is needless to speculate in regard to what conclusion that court might have reached, had it determined to disregard the word "guardian" instead, and thus leave him "trustee of the estate" (see Ward v. Ward, 6 *N. Y. State Rep.*, 798).    When the case was formerly before me, it does not appear that any question was raised as to his being a trustee, and he was treated as such by both parties.

The only material questions to be considered here are those relating to the right to, and the amount of, the commissions to which Mr. Hawley, as guardian is entitled.    The prior decrees, in which he was allowed

commissions as trustee, having been set aside, we are to proceed simply as if he were, for the first time, rendering an account in the capacity fixed upon him.

The will of Isaac M. Singer, deceased, under which he was acting, was admitted to probate previously to 1877, and long before chapter 18 of the Code of Civil Procedure took effect.   Until the act of 1877 (chap. 206, § 4), letters of guardianship were not issued to a testamentary guardian, and no such letters were ever issued to Mr. Hawley.   It is needless to inquire whether § 2738 is made applicable to an accounting of this character by § 2850, as, by an amendment of the latter section, made by chapter 143 of the Laws of 1887, the former section has ceased to give rise to any such inquiry. · But § 2736 still stands, and will be applied to such an accounting, in a proper case.

Here he should be allowed the same commissions as an executor or administrator, as provided by § 2850 and the amendment thereof by chapter 400 of the Laws of 1882.   Aside from the fact that, when the executor rendered his account in 1877, the decree discharged him as such, and directed him to hold the fund for the future, as guardian and trustee, he will now be entitled to full commissions on the final accounting, as such guardian, on all moneys received and paid out.   And here arises the subordinate question as to whether he is entitled to commissions on the shares of stock in the Singer Manufacturing Company. In the opinion delivered by me (3 *Dem.*, 589), it was held that he was entitled to commissions on that stock, as it was not a specific bequest.   This was expressly approved by the Court of Appeals; but counsel for

the contestant has introduced a copy of a judgment record of the Supreme court, entered in 1879, in which Mr. Hawley was plaintiff and Margaret A. Mathews and seven other legatees of Singer, including this contestant, were defendants, wherein it seems to have been held that this stock "should pass to them specifically and be delivered to them in specie," and the counsel claims that this is an adjudication, binding upon this court, to the effect that this contestant's share of that stock was a specific bequest, on which, therefore, the accountant is entitled to no commissions.

It should be borne in mind that the apparent object of that action was to determine whether the executor's duty was to sell and convert the stock into money, in the due course of administration, or whether, under the provisions of the will, he must retain it, and deliver it, in the proper proportions, to the legatees, when they respectively became entitled thereto. The subject of commissions did not enter into the case. The will directed the executor not to sell the stock, but to deliver a certain number of shares to each. Thus in a certain sense it was specifically bequeathed, in so far as to forbid a sale by the executor, but not in the strict sense which the law defines as necessary to render a legacy specific. The court used the phrase, apparently, in a dictionary, rather than in a legal sense. A high authority has held, on the subject of a former adjudication, that, "if the record shows that the verdict or other adjudication could not have been had without deciding the particular matter now questioned, it will be considered as having finally determined it " (Packet Co. v. Sickles, 5 *Wall.*, 592).

The converse of the proposition will hold equally true, that, if it could have been had without deciding the particular matter now questioned, it will *not* be so considered.   In the case referred to, the adjudication could have been had upon the single fact, that the executor was forbidden to sell the stock, but required to deliver it to the legatees. It was wholly unnecessary to determine whether the legacies were specific or not. Had it been so, and the attention of the able jurist who sat in the case been called to the question, there can be little doubt entertained that he would have held the legacies to be general and not specific.   It is claimed on behalf of the accountant that, if that decision is to be regarded as *res adjudicata* on that subject, it must be given its full effect, and thus as establishing the fact that the accountant is " trustee of the estate " of the contestant.   But as to this, I think the same line of reasoning, employed in showing that it cannot be regarded as determining the character of the legacy, will lead to a like result; and that it should not be considered as having the force and effect of a former adjudication, in either instance. The guardian is, therefore, entitled to commissions on the Singer Manufacturing Company stock.   There is some question as to the value of the shares of this stock.   It is in evidence that there have been a few sales at $150 per share.   It is also shown that the stock is held by a few persons, that it is not on the market, and that its intrinsic value is, at least, $200 per share.   A few sales made under peculiar circumstances, and not in what is known as " open market," can hardly be considered as a criterion of value.

Where sales frequently occur, as in case of stocks
bonds, etc., in open market and amid competition, the
prices given or received will fix the values for the
purposes of courts and juries; and so of farm produce,
lumber, merchandise, etc., but an occasional private
sale cannot be allowed that effect. The value of this
stock, for the purpose of commissions, is fixed at the
same sum per share, as it was rated at when they
were allowed before; which is believed to have been
$175.

I think the accounting party entitled to commis-
sions on the value of the government bonds at the
time they were turned over to the contestant. He
chose to take them instead of the money they repre-
sented at the time.

There is no reason discovered why the opinion for-
merly expressed by me, in relation to commissions
being allowed on funds received and paid out by Mr.
Hawley after the ward became of age and before the
accounting, should be deviated from. They were al-
lowed then, for the reasons stated, and the decision,
in that respect, has not been disturbed.

The contestant claims that he should be allowed
interest on the sums which the guardian, wrongfully,
as the Court of Appeals holds, was allowed on the void
accountings. This seems, from the authorities cited
by his learned counsel, to be largely, if not entirely,
a matter of discretion. Mr. Hawley has acted through-
out in good faith. The question as to commissions
was, in an informal way, and without that active op-
position calculated to stimulate careful investigation,
submitted to the court. Conceding that they were al-

lowed by the court, when, in the light of the recent decision, they should not have been, that fact furnishes no sufficient reason why he should be punished, in this way, for no fault of his.

A decree, in accordance with these views, should be entered. Costs are allowed to both parties, out of the fund.